UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN RHETT,<br><br>Defendant. | Criminal Case No. 07-MJ-2301-1-RBB<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a detention hearing on October 16, 2007, to determine whether Stephen Rhett ("the Defendant") should be held in custody pending trial, on the grounds that he is a risk of flight. Assistant United States Attorney Caroline Han appeared on behalf of the United States. Michelle Betancourt appeared on behalf of the Defendant.

Based on the evidence proffered by the United States, the Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. As such, the Court orders that the Defendant be detained pending trial.

//

//

**I.**

**FINDINGS OF FACT**

**A.** **Nature and Circumstances of the Offense Charged (18 U.S.C.§ 3142(g)(1))**

1. The Defendant is charged in Criminal Complaint No. 07-MJ-2301 with importing approximately 508.10 kilograms of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 952, 960.

2. If convicted of this charge, the Defendant faces a mandatory minimum sentence of five years, and a maximum sentence of forty years in prison pursuant to 21 U.S.C. § 960(b)(2).

3. Because a maximum term of imprisonment of ten years or more is prescribed for this offense in 21 U.S.C. § 960(b)(1), the presumption set forth in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required is applicable.

4. The evidence presented in accordance with this factor weighs in favor of detention.

**B.** **Weight of the Evidence Against the Defendant (18 U.S.C.§ 3142(g)(2))**

1. On September 23, 2007, the Defendant attempted to enter the United States at the San Ysidro Port of Entry as the driver of a truck that was towing a trailer from which 108 packages containing approximately 508.10 kilograms of marijuana were recovered. In addition, a co-defendant, Janet Forbes, was a passenger in the above described truck.

2. Although it is the least important factor, the evidence against the Defendant sustains a finding of probable cause to conclude that the Defendant committed the instant offense.

3. The evidence presented in accordance with this factor weighs in favor of detention.

**C.** **History and Characteristics of the Defendant (18 U.S.C.§ 3142(g)(3))**

1. There has been insufficient evidence presented regarding the Defendant's character. As such, this factor weighs neither in favor of detention nor bail.

2. There has been insufficient evidence presented regarding the Defendant's physical and mental condition. As such, this factor weighs neither in favor of detention nor bail.

  3. The Defendant has two sons who reside in Texas. The evidence presented regarding the Defendant's family ties weighs in favor of bail.

  4. The Defendant is unemployed and has been unemployed for the last year. The evidence presented with regard to the Defendant's employment weighs in favor of detention.

  5. The Defendant has no known significant financial resources in the United States, and this evidence weighs in favor of detention.

  6. The Defendant in the United States all of his life. The evidence presented regarding the Defendant's length of residence in the community weighs in favor of bail.

  7. The evidence presented with regard to the Defendant's community ties is repetitive of evidence presented with regard to other factors, and thus weighs neither in favor of detention nor bail.

  8. The Defendant has a history of alcohol abuse, and this evidence weighs in favor of detention.

  9. The Defendant has one felony and one misdemeanor conviction, and this evidence weighs in favor of detention.

  10. The Defendant has a record of appearing at court proceedings. This factor weighs in favor of bail.

## II.

## REASONS FOR DETENTION

 A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 07-MJ-2301-1-RBB; namely, Importation of Marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 952, 960.

 B. The Court finds that the Defendant was unable to rebut the presumption, as set forth in 18 U.S.C. § 3142(e), that there is no condition or combination of conditions that the Court could set that will reasonably assure the appearance of the Defendant as required.

 C. The Court finds, by a preponderance of evidence, that the United States has carried its burden of establishing that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

### III.

### ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: October 19, 2007

HONORABLE RUBEN B. BROOKS
United States Magistrate Judge

Prepared by:

/s/ Caroline Han
CAROLINE P. HAN
Assistant United States Attorney

cc: Michelle Betancourt, Counsel for Defendant