**CANDIS MITCHELL**
California State Bar No.: 242797
**MICHELLE BETANCOURT**
California Bar No. 215035
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Email: Candis_Mitchell@fd.org
       Michelle_Betancourt@fd.org

Attorneys for Mr. Stephen Francis Rhett

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>**STEPHEN FRANCIS RHETT**,<br>    Defendant.<br>_____ | CASE NO.: 07CR2956-LAB<br><br>DATE: January 7, 2007<br>TIME: 2:30 p.m.<br><br><u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u> |

TO:   KAREN P. HEWITT, INTERIM UNITED STATES ATTORNEY, AND
      LAWRENCE CASPER, ASSISTANT UNITED STATES ATTORNEY.

Mr. Rhett, by and through his counsel, Michelle Betancourt, Candis Mitchell, and Federal Defenders of San Diego, Inc., and pursuant to Federal Rule of Criminal Procedure 30, requests that the Court instruct the jury on the law as set forth herein. Mr. Rhett also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Respectfully submitted,

Dated: January 4, 2008        *s/ Candis Mitchell*
                              **CANDIS MITCHELL**
                              **MICHELLE BETANCOURT**
                              Federal Defenders of San Diego, Inc.
                              Attorneys for Mr. Rhett

07CR2956-LAB

**Defendant's Proposed Standard Instructions**

9th Cir. Crim. Jury Instr. 1.1 (2003) ("Duty of Jury")

9th Cir. Crim. Jury Instr. 1.2 (2003) ("The Charge -- Presumption of Innocense")

9th Cir. Crim. Jury Instr. 1.3 (2003) ("What Is Evidence")

9th Cir. Crim. Jury Instr. 1.4 (2003) ("What Is Not Evidence")

9th Cir. Crim. Jury Instr. 1.5 (2003) ("Evidence For a Limited Purpose")

9th Cir. Crim. Jury Instr. 1.7 (2003) ("Ruling On Objections")

9th Cir. Crim. Jury Instr. 1.8 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 1.9 (2003) ("Conduct of the Jury")

9th Cir. Crim. Jury Instr. 1.10 (2003) ("No Transcript Available to the Jury")

9th Cir. Crim. Jury Instr. 1.11 (2003) ("Taking Notes")

9th Cir. Crim. Jury Instr. 1.12 (2003) ("Outline of Trial")

9th Cir. Crim. Jury Inst. 2.4 (2003) ("Stipulations of Fact") (if appropriate).

9th Cir. Crim. Jury Instr. 3.2 (2003) ("Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof").

9th Cir. Crim. Jury Instr. 3.3 (2003) ("Defendant's Decision Not to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.4 (2003) ("Defendant's Decision to Testify") (if appropriate).

9th Cir. Crim. Jury Instr. 3.5 (2003) ("Reasonable Doubt - Defined")

9th Cir. Crim, Jury Instr. 3.6 (2003) ("What is Evidence")

9th Cir. Crim, Jury Instr. 3.7 (2003) ("What is Not Evidence")

9th Cir. Crim. Jury Instr. 3.9 (2003) ("Credibility of Witnesses")

9th Cir. Crim. Jury Instr. 3.14 (2003) ("Separate Consideration of Multiple Counts -- Multiple Defendants")

9th Cir. Crim. Jury Instr. 4.1 (2003) ("Statements by Defendant") (if appropriate).

9th Cir. Crim. Jury Instr. 6.9 (2003) ("Mere Presence")

9th Cir. Crim. Jury Instr. 7.1 (2003) ("Duty to Deliberate")

9th Cir. Crim. Jury Instr. 7.2 (2003) ("Consideration of Evidence")

9th Cir. Crim. Jury Instr. 7.3 (2003) ("Use of Notes")

9th Cir. Crim. Jury Instr. 7.5 (2003) ("Verdict Form")

9th Cir. Crim. Jury Instr. 7.6 (2003) ("Communication with Court")

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.  1

Mr. Rhett is charged in Count 1 of the indictment with unlawful importation of marijuana in violation of Sections 952 and 960 of Title 21 of the United States Code.  In order for Mr. Rhett to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Rhett intentionally brought marijuana into the United States;

Second, Mr. Rhett knew that it was marijuana that he was bringing into the United States;  and,

Third, Mr. Rhett knew that the quantity of marijuana was 508.10 kilograms.

Authority

Manual of Model Jury Instructions for the Ninth Circuit, § 9.27 (2005 ed.) (modified); Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) ("We honor the intent of Congress and the requirements of due process by treating *drug quantity and type*, which fix the maximum sentence for a conviction, as we would any other material fact in a criminal prosecution: it must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt.") (emphasis added).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO. ___2___

Mr. Rhett is charged in Count 2 of the indictment with possession of marijuana with intent to distribute in violation of Section 841(a)(1) of Title 21 of the United States Code. In order for Mr. Rhett to be found guilty of that charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, Mr. Rhett knowingly possessed marijuana;

Second, Mr. Rhett possessed marijuana with the intent to deliver it to another person; and,

Third, Mr. Rhett knew that he possessed 508.10 kilograms of marijuana, and intended to distribute that amount.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of marijuana to another person, with or without any financial interest in the transaction.

<u>Authority</u>

<u>Manual of Model Jury Instructions for the Ninth Circuit</u>, § 9.27 (2005 ed.) (modified); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>United States v. Buckland</u>, 289 F.3d 558, 568 (9th Cir. 2002) ("We honor the intent of Congress and the requirements of due process by treating *drug quantity and type*, which fix the maximum sentence for a conviction, as we would any other material fact in a criminal prosecution: it must be charged in the indictment, submitted to the jury, subject to the rules of evidence, and proved beyond a reasonable doubt.") (emphasis added).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   3  

3

4     An act is done "knowingly" if done voluntarily and intentionally, and not because of mistake or
5  accident or other innocent reason.
6     The purpose of adding the word "knowingly" is to insure that no one will be convicted for an act
7  done because of mistake, or accident, or other innocent reason.

8                                    <u>Authority</u>

9     Devitt and Blackmar, 3d Ed., § 14.04; O'Malley, Grenig & Lee, 5th Ed., § 14.04.

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   4  

4    A person has possession of something if the person knows of its presence and has physical control

5  of it, or knows of its presence and has the power and intention to control it.

6    Possession of marijuana cannot be found solely on the ground that the defendant was near or close

7  to the drugs. Nor can it be found simply because the defendant was present at a scene where marijuana was

8  involved, or solely because the defendant associated with a person who does control the marijuana.

9  However, these factors may be considered by you, in connection with all other evidence, in making your

10  decision whether the defendant possessed the marijuana.

11    Similarly, a person may not be convicted of possessing marijuana simply because he has

12  knowledge of the marijuana and is in close proximity to the marijuana. He must, in addition to knowledge,

13  have the power and intention to exert dominion and control over the marijuana.

### Authority

United States v. Raper, 676 F.2d 841 (D.C. Cir. 1982); United States v. Cardenas-Magana, 562 F.2d 1026 (3d Cir. 1972); United States v. Zandi, 769 F.2d 229 (4th Cir. 1985); United States v. Cardenas, 748 F.2d 1015 (5th Cir. 1984); United States v. Freeze, 707 F.2d 132 (5th Cir. 1983); United States v. Vergara, 687 F.2d 57 (5th Cir. 1982); United States v. White, 660 F.2d 1178 (7th Cir. 1981); United States v. Batimana, 623 F.2d 1366 (9th Cir. 1980); Amaya v. United States, 373 F.2d 197 (10th Cir. 1967); 1 L. Sand, et al., Modern Federal Jury Instructions -Instruction #56-5; Committee on Model Jury Instructions, Manual of Model Jury Instructions for the Ninth Circuit, § 3.16 (1997 ed).

Adapted from United States v. Penagos, 823 F.2d 346, 350 (9th Cir. 1987); United States v. Behanna, 814 F.2d 1318, 1319 (9th Cir. 1987) (quoting United States v. Rodriguez, 761 F.2d 1339, 1341 (9th Cir. 1985)).

26  GIVEN _____

27  GIVEN AS MODIFIED _____

28  REFUSED _____

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO.  5

The quantity of a marijuana alone, substantial or otherwise, is insufficient to support a finding of knowing possession. Thus, an individual may unknowingly control a substantial quantity of marijuana , without knowingly possessing it.

Authority

<u>United States v. Chu</u>, 988 F.2d 981 (9th Cir. 1993); <u>United States v. Rubio-Villa-Alvarado</u>, 967 F.2d 294 (9th Cir. 1992) (en banc).

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.   6  

4      A finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

7      Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

11     Also, if the circumstantial evidence permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to his guilt.

14     If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

18 <u>Authority</u>

19 CALJIC No. 2.01 (6th Ed. 1996)

26 GIVEN _____

27 GIVEN AS MODIFIED _____

28 REFUSED ____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28