**CANDIS MITCHELL**
California State Bar No. 242797
**MICHELLE BETANCOURT**
California State Bar No. 215035
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California  92101-5008
Tel:  (619) 234-8467 / Fax: (619) 687-2666
candis_mitchell@fd.org

Attorneys for Mr. Rhett

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                   )<br>       Plaintiff,                              )<br>                                                   )<br>v.                                                )<br>                                                   )<br>**STEPHEN FRANCIS RHETT,**   )<br>                                                   )<br>       Defendant.                         )<br>_____) | Case No. 07CR2956-LAB<br><br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>DEFENDANT'S MOTIONS *IN LIMINE* AND<br>OTHER TRIAL MOTIONS. |

**I.**

**INTRODUCTION**

Mr. Stephen Francis Rhett is charged by indictment with violating 21 U.S.C. §§ 952 and 960, Importation of Marijuana, and 21 U.S.C. §841(a)(1), possession with intent to distribute, and 18 U.S.C. § 2, aiding and abetting.

On January 3, 2008, counsel for Mr. Rhett received additional discovery from the government indicating that on December 7, 2007, ICE Special Agent Daniel Duff, obtained a search warrant to search the stored memory of a Black Boost Motorola i415 cellular phone discovered at the time of the arrest of Mr. Rhett on September 23, 2007.  On December 10, 2007, the search warrant was executed, and the agent obtained a number of telephone numbers and corresponding names from the phone's address book. Additionally, the agent reviewed the call history and made determinations regarding the chronological receipt and completion of calls.

1    Mr. Rhett first made a formal motion to the government for all evidence seized in connection with
2 the case, either with or without a warrant, on November 19, 2007.
3    Further relevant background facts for his motions *in limine* were set out in a prior pleading and are
4 incorporated by reference herein.

**II.**

**THE COURT SHOULD SUPPRESS EVIDENCE SEIZED PURSUANT TO THE SEARCH WARRANT**

8    The Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported
9 by Oath or affirmation . . . ." U.S. Const. Amend. IV.  Evidence obtained pursuant to a search warrant, that
10 is later found to be invalid for lack of probable cause, is admissible if the executing officers acted in good
11 faith and in objectively reasonable reliance on the warrant.  See United States v. Leon, 468 U.S. 897 (1984).
12 However, "an officer cannot manifest objective good faith if the warrant he is relying upon was supported
13 by an affidavit that is 'so lacking in indicia of probable cause as to render official belief in its existence
14 entirely unreasonable.'"  United States v. Hove, 848 F.2d 137, 139 (9th Cir. 1988) (quoting Leon, 468 U.S.
15 at 923).  In Hove, the defendant was suspected of mailing threatening communications.  Officers executed
16 a search warrant at a residence where it was believed that the defendant was residing.  The Ninth Circuit held
17 that the warrant was so lacking in probable cause that the evidence seized should have been suppressed,
18 reasoning that the supporting affidavit did "not offer an explanation of why the police believed that they may
19 find incriminating evidence at [the location of the search] . . . .  It is critical to a showing of probable cause
20 that the affidavit state facts sufficient to justify a conclusion that evidence or contraband will probably be
21 found at the premises searched."  Hove, 848 F.2d at 140.   Similarly, the affidavit in the present case does
22 not make any showing that probable cause existed to believe that additional evidence would be found on the
23 phone searched.
24    In attempting to establish probable cause for the search of the phone, Special Agent Duff alleges that
25 probable cause exists because "[n]arcotic smugglers will use digital and cellular phones because they are
26 mobile, they have instance access to phone calls and voice messages."  Such logic fails to establish probable
27 cause as the sheer nature of a "digital and cellular phone" is to provide access to phone calls and voice
28 messages.  Use of a cellular phone makes no person more or less likely to be involved in the narcotics trade.

1 In furthering attempting to establish probable cause, the government states that "[n]arcotic smugglers believe that cellular phones provide greater insulation and protection against court ordered wiretaps and they believe in the inability of law enforcement personnel to simultaneous track the originating and destination phone numbers of calls placed to and from their digital and cellular phones." There are no allegations that Mr. Rhett was using a cell phone in an attempt to insulate himself from having his conversation overheard or in a manner to avoid a court-ordered wiretap.

Finally, Special Agent Duff alleges that "during the interview of Janet Forbes, it was discovered th[at] Rhett received numerous cellular telephone calls while they were waiting in line to enter the United States. According to Forbes, it appeared to her to be the same person calling every time. Forbes further stated that she overheard the caller tell Rhett that he needed to change lanes numerous times." Immediately after his arrest, during his interrogation, Mr. Rhett informed the agents that he had been speaking with a person named "Jenn" on his phone and he gave the agent's her telephone number. There was no allegations by the government that Jenn was involved in a conspiracy to smuggle drugs or that any further numbers on the phone found in the truck would provide any further evidence in this case.

In light of the above, the affidavit in the present case does not make any showing that probable cause existed to believe that additional evidence would be found on the phone searched.

### III.

### CONCLUSION

For the foregoing reasons, Mr. Rhett respectfully requests that this Court grant these motions *in limine*.

Respectfully submitted,

s/ *Candis Mitchell*

DATED: January 4, 2008          **CANDIS MITCHELL**
**MICHELLE BETANCOURT**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Rhett
candis_mitchell@fd.org