COURT'S INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

COURT'S INSTRUCTION NO. 2

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment.

COURT'S INSTRUCTION NO. __3__

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

COURT'S INSTRUCTION NO. 4

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 5

There has been evidence that another person, Janet Bernice Forbes, was arrested in connection with this case. The arrest of Ms. Forbes and the disposition of any accusations related to her are not before you. You should not guess or speculate as to the reason for the disposition of the accusations against Ms. Forbes. The disposition of the accusations against Ms. Forbes should not influence your verdict with reference to the Mr. Rhett, and you must base your verdict solely on the evidence against the Mr. Rhett.

COURT'S INSTRUCTION NO. _6_

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that a defendant did not testify.

COURT'S INSTRUCTION NO. 7

The evidence from which you are to decide what the facts are consists of:

(1)    the sworn testimony of any witness;

(2)    the exhibits which have been received into evidence; and

(3)    any facts to which all the lawyers have stipulated.

COURT'S INSTRUCTION NO. _8_

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

COURT'S INSTRUCTION NO. 9

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. _10_

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence;

7.    whether the witness has made an inconsistent statement; and

8.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

COURT'S INSTRUCTION NO. 11

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements, and (2) if so, how much weight to give to the statements. In making those decisions, you should consider all of the evidence about the statements including the circumstances under which the defendant may have made the statements.

COURT'S INSTRUCTION NO. 12

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

COURT'S INSTRUCTION NO. *13*

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## COURT'S INSTRUCTION NO. 14

The defendant is charged in Count One of the indictment with unlawful importation of approximately 1117.82 pounds (508.10 kilograms) of marijuana, into the United States from a place outside thereof, in violation of Sections 952 and 960 of Title 21 of the United States and Title 18, United States Code, Section 2. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly brought marijuana into the United States; and

Second, the defendant knew that it was marijuana or some other prohibited drug.

COURT'S INSTRUCTION NO. _15_

An act is done knowingly if the defendant is aware of the act and does not act, or fails to act, through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

COURT'S INSTRUCTION NO. _16_

The defendant is charged in Count Two of the indictment with possession of approximately 1117.82 pounds (508.10 kilograms) of marijuana with intent to distribute in violation of Title 21 21 of the United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed marijuana; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was marijuana. It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

COURT'S INSTRUCTION NO. _17_

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it. However, mere proximity to contraband, of itself, is not sufficient to establish the defendant's knowing possession of the contraband. More than one person can be in possession of something if each knows of its presence and has the power and intention to control it.

COURT'S INSTRUCTION NO. 18

If you find the defendant guilty of the charges in Counts 1 or 2 of the indictment, you are then to determine the net weight of marijuana. Your decision as to the net weight must be unanimous and must be beyond a reasonable doubt.

The term "net weight" means the weight of the marijuana without any packaging material.

The government does not have to prove that the defendant knew the exact quantity of marijuana.

COURT'S INSTRUCTION NO. 19

Mr. Rhett's theory of defense is that he did not knowingly import or possess marijuana when he entered the United States and thus did not have the intent to deliver or transfer possession of the marijuana to another person.

Proof of dominion or control over a vehicle in which a controlled substances is concealed, without proof the person knowingly possessed the controlled substance, is insufficient to sustain a conviction for knowingly importing or possessing a controlled substance with intent to distribute.

Likewise, mere presence in a vehicle in which drugs are concealed, without proof that the person knowingly possessed the drugs, is insufficient to establish that the person committed the crime of importation or possession of a controlled substance with intent to distribute. A persons' presence may be considered by the jury alone with other evidence in the case.

If the prosecution fails to prove beyond a reasonable doubt that Mr. Rhett knew marijuana or any other prohibited drug was concealed in the vehicle before he was apprehended, you must return a verdict of not guilty.

COURT'S INSTRUCTION NO. _20_

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

COURT'S INSTRUCTION NO. _21_


Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

COURT'S INSTRUCTION NO. 22

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

COURT'S INSTRUCTION NO. 23

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

COURT'S INSTRUCTION NO. 24

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

COURT'S INSTRUCTION NO. 25

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.